# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ERNEST LEE CLARK and DONNY ACOSTA, <br>     Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 7:17-cv-0033 |
| W&W LOGISTICS, INC. and W & W ENERGY SERVICES, INC., <br>     Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act ("FLSA"), brought to recover unpaid overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiffs Ernest Lee Clark and Donny Acosta by Defendants, their subsidiaries, and affiliated companies.

### Parties

1. Plaintiffs Ernest Lee Clark ("Clark") and Donny Acosta ("Acosta") are former employees of the Defendants, as that term is defined by the FLSA. They are represented by the undersigned.

2. Defendant W&W Logistics, Inc. ("W&W Logistics") is a Texas corporation and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, W&W Logistics is subject to the provisions of the FLSA. W&W Logistics was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, and had gross annual revenues in excess of $500,000. Defendant W&W Logistics may be served through its registered agent, Jason Waters at 8820 NW Loop 338, Odessa, Texas 79764, or wherever he may be found.

3. Defendant W & W Energy Services, Inc. ("W & W Energy") is a Texas corporation and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, W & W Energy is subject to the provisions of the FLSA. W & W Energy was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant W & W Energy may be served through its registered agent, Ron Waters at 616 N. Odessa St., Goldsmith, Texas 79741, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the agreement by Defendants to employ Plaintiffs, which forms the basis of this complaint, occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, and conducting transactions through such commerce, including via credit cards, phones, email, and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce. Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper, because Defendants and Plaintiffs transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed annual gross revenues of at least $500,000 (exclusive of excise taxes).

## Factual Allegations

5. Plaintiff Ernest Lee Clark was employed by the Defendants from July of 2013 until July of 2015 as a driver and from February of 2016 until November 26, 2016 as a sand coordinator. Mr. Clark's duties included driving to sand plants and loading trucks, hauling sand and dropping it off at different locations, dispatching trucks, supervising the trucks, scheduling sand refills, and hooking up truck sand movers. He regularly worked more than 40 hours a week throughout his employment with Defendants. During his entire tenure with Defendants, Clark was not paid any overtime premium for any of the hours he worked over 40 per workweek. Instead, Plaintiff was paid the same salary each pay period for all hours worked regardless of how many hours he worked for Defendants.

6. Plaintiff Donny Acosta was employed by the Defendants from October of 2015 until July 10, 2016 as a sand coordinator. Mr. Acosta's duties included dispatching trucks, assuring drivers had their correct paperwork for pick-ups and drop-offs, inspecting equipment and making sure it was working and up to date, inspecting safety equipment in trucks, dispatching trucks, supervising the trucks, scheduling sand refills, and hooking up truck sand movers. He regularly worked more than 40 hours a week throughout his employment with Defendants. During his entire tenure with Defendants, Acosta was not paid any overtime premium for any of the hours he worked over 40 per workweek. Instead, Plaintiff was paid the same salary each pay period for all hours worked regardless of how many hours he worked for Defendants.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

8. Defendants did not make a good faith effort to comply with the overtime requirements of the FLSA.

9. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

## Plaintiffs' Allegations

10. Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek.

11. No exemption excuses the Defendants from paying Plaintiffs the overtime rates for all hours worked over 40 per workweek. In addition, the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs.

## CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

12. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs for work performed as their employees.

13. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

14. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, costs, and attorney's fees under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Jury Demand

15. Plaintiffs demand a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable law; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Vijay A. Pattisapu
TBA No. 24083633
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com
vijay@buenkerlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS ERNEST LEE CLARK AND DONNY ACOSTA**